# City of Denver v. Curran Bill Posting and Distributing Co.

*County Court of Arapahoe County, Oct. 16, 1900, No. 29431.*

Guy LeRoy Stevick, J. Frank Adams and M. B. Bachtel for the plaintiff; Ralph Talbot and W. H. Andrew for defendant.

Steele, J. delivered the opinion of the court.

These cases are brought by the city against James A. Curran, individually, and The Curran Bill-Posting and Distributing Company, and against Curran and the Bill-Posting Company, for the purpose of requiring the defendants to comply with the sections of the city ordinances concerning the erection and maintenance of bill-boards.

Among the powers specifically granted to the city council are the following, contained in Article 2, Sec. 20:

"Fourth: To provide for the inspection and regulation of buildings and parts of buildings.

"Tenth: Exclusively to provide for the licensing, regulating and taxing of all lawful occupations, business places, etc.

"Fifteenth: To regulate parapet walls and partition fences.

"Twenty-sixth: To cause all such buildings and enclosures as may be in a dangerous state to be put in a safe condition

"Thirty-second: To establish fire limits and such general regulations by ordinance for the prevention and extinguishment of fires as the city council may deem expedient.

"Fifty-eighth: To secure the general health of the inhabitants by any means necessary. * * * To declare, prevent or abate nuisances on public or private property and the cause thereof.

"And, in addition, the general power is given (Denver Charter, Sec. 22) "To enact all ordinances necessary and proper for carrying into execution the powers specified in this act; and which it may deem necessary or requisite for the good order, health, good government and general welfare of the city."

Under the fifty-eighth subdivision, section 595 of the Revised Ordinances was enacted, requiring that owners of bill-boards shall, at their own expense, keep the ground on either side thereof clean and free from waste, filth and accumulation, and shall keep the same in good, healthy, clean and sanitary condition.

Cases numbered 29431, 29432 and 29458 are brought under this section of the ordinance. In case No. 29431 it was clearly established to my mind that the defendant had failed to keep the ground on the inside of the bill-board free from filth and accumulation and in a clean and sanitary condition. I am of the opinion that this ordinance is a most salutary one, and intended to protect the public health, and clearly within the power of the city to pass, and must find the defendant guilty of the offense charged in the complaint.

In cases 29432 and 29458 it was shown that before the erection of the bill-boards in question the lots upon which the bill-boards are constructed were used by the owners, in one instance, as a wood-yard, and, in the other, for storing hay. It is sought to hold the defendant under the ordinance above cited upon the ground that he has permitted an accumulation in the rear of the bill-boards. I can not agree with this construction of the ordinance, and, as the defendant is in no way responsible for the placing of the material behind the bill-boards, I must find him not guilty in these two cases.

In case No. 29433 it is sought to hold the defendant Curran for the acts of the Curran Bill-Posting and Distributing Company, under section 532 of the ordinance, but I am of the opinion that the defendant company, and not Curran, has violated the ordinance, and the defendant Curran will therefore be discharged.

Case No. 29435 was dismissed by the city attorney after the close of the city's case.

In case No. 29461 the defendant is charged with having placed a barbed wire on the top of the bill-board owned by it. The city charter authorizes the city to prohibit the use of barbed wire within the limits of the city, and the ordinance of the city has been passed under the power, prohibiting the stringing of barbed wire within the city. I am of the opinion that this is a reasonable exercise of the power granted by the Legislature, and that the defendant has violated the ordinance in question (Gen. Ordinances Section 208), and I must therefore find him guilty of the offense charged in the complaint.

In cases 29460 and 29462 the defendant is charged with having erected bill-boards; in case 29460, without having a permit from the building inspector, and in case 29462 without having a permit from the fire and police board. The defendant contends that in as much as the defendant has a chapter of its ordinances on the subject of bill-boards (Gen. Ordinances Ch. 8, Art. 4, §§ 589-597) and in that chapter provides that a permit shall be obtained from the fire and police board (Id. § 589), it is not a violation of the ordinances of the City of Denver if the defendant erects a bill-board without a permit from the building inspector. I am of the opinion that this contention is correct, and that the building inspector is not the proper person to issue a permit for the erection of bill-boards, and in this case the defendant will be discharged.

In case No. 29462 the attorney for the city conceded that the provision of the ordinance (Gen. Ordinances Section 594), requiring the defendant to obtain permission from certain adjoining property owners, to present with his application for a permit, is an unreasonable provision, and in this respect I agree with the city attorney, and in this case the defendant will be discharged.

The proof shows, in the remaining cases, 29434 and 29459, that the defendants have erected bill-boards at the places mentioned in the respective complaints; that in each instance the bill-

board in question is more than eight feet in height, more than twenty-five feet in length, and within ten feet of the street line.

The defendants admit having erected the structures, that they are more than eight feet in height, that they are more than twenty-five feet in length, and that they are less than ten feet from the lot line.

Section 592 of the Revised Ordinances of the City of Denver is as follows:

"No person or persons, firm or corporation shall directly or indirectly, in person or by another, either as principal, agent, clerk or servant, erect or maintain, or cause to be erected or maintained, any bill-board or other structure as mentioned in section 589, any portion of which is within ten feet of any street, avenue or alley line, nor more than twenty-five feet in length nor more than eight feet in height in any part above or on the established grade of the sidewalk abutting the land on which such bill-board or structure is erected; nor shall any part or portion of the same be within ten feet of any building or structure."

It is contended by the defendant that inasmuch as no express power has been granted by the Legislature to the city concerning bill-boards, the ordinance in question is without authority and void; and that it cannot be sustained under the general powers to regulate all lawful business, to provide for the public safety and welfare, and for the prevention and extinguishment of fires, for the reason that its provisions are unnecessary and unreasonable and beyond the power of the city council to impose.

It is a matter of historical knowledge that the city of Denver has been more strict in its fire regulations than almost any other city in the Union. This accounts for the scarcity of frame buildings within the city, and it accounts for the fact that there has been no devastating conflagration within the limits of the city except in its very early history. This ordinance was passed, in my opinion, for the purpose of protecting the public, and not, as would appear from other ordinances cited, to discriminate against structures otherwise lawful, when used for advertising purposes. These bill-boards are wooden structures of from ten to twelve feet in height, and their erection, except as permitted by the ordinance in question, is prohibited by the ordinances fixing the fire limits,

and, in some instances, by section 208 of the Revised Ordinances, which provides that "Wooden fences shall never exceed six feet in height." If placed entirely around the vacant lots, firemen are denied access to adjoining buildings; they prevent inspection by the police authorities; they encourage nuisances; they endanger persons passing along the street. All these menaces to the public welfare are greatly lessened when the ordinance is complied with. One could cite numerous reasons why it is essential to the public health, safety and comfort to regulate the height of fences and of wooden structures, including bill-boards, within the limits of the City of Denver.

The city charter provides that the city council shall have power, "Exclusively to provide for the licensing, regulating and taxing of all lawful occupations, business places," etc. Under a similar power granted by the Legislature to the City of Rochester the court held in the case of City of Rochester v. West, 51 N. Y. Sup. p. 482, that the power to regulate a business includes the right to prescribe the means by which it shall be conducted. "The Century Dictionary defines the verb 'regulate' to mean 'to govern by or subject to certain rules and restrictions"; and it was said in a case where the right to control the business of slaughtering animals was involved, that "to regulate implies a power of restriction and restraint which relates not only to the manner of conducting a specified business, but also to the erection of the building in which it is conducted."

The Court also says: "It is true that there is nothing in the record before us to indicate that the defendant or his company ever made any improper use of this bill-board; but the mere fact that it is liable to be so used would seem to afford sufficient reason why, in the interests of decency and morality, the police power of the city might very properly be exerted to restrain and regulate the business of bill-posting in some such manner as is provided by the ordinance we are considering. But bill-boards of the size and description of those which the defendant claims the right to erect are more than an annoyance to the people who reside near them. They are likewise a constant menace to the lives and limbs of those who are obliged to pass along in front of them; for it is obvious that, if the municipality has no right to place any restriction upon the size and character of such structures, one might be erected of

such dimensions as would render it liable to succumb to a violent gust of wind, and fall upon and kill or injure the passer-by. Many cases might be cited where the exercise of the police power as a restraining influence in behalf of the health and safety of a community has been held to be entirely proper; such, for instance, as the storing of gunpowder and other combustible materials in remote and isolated places, the non-erection of wooden buildings within specified fire-limits, or the exclusion of slaughter-houses from certain portions of a city. But the reason for its exercise in this particular case is so manifest that the citation of authorities in support of the validity of the plaintiff's ordinance seems to be unnecessary."

These views as expressed by the New York court are entirely in accordance with my own, and for the reasons therein assigned and for the reasons I have given I am of the opinion that the ordinances in question are clearly within the power granted by the legislature to the city council, and are reasonable and just.

Counsel for the defendants have cited the opinion of Judge Cunningham in a bill-board case arising under the ordinances of Colorado Springs, and the case of Crawford v. The City of Topeka. I have carefully read the decision of Judge Cunningham, and it is altogether probable that his opinion, which appears to be a carefully written one, pronounces the law as applied to the Colorado Springs ordinance; but the provisions of that ordinance and its spirit and purpose, as they appear in the opinion, are so different from the provisions, spirit and purpose of the Denver ordinance as to make a comparison of the ordinances practically impossible.

And in the case of Crawford v. City of Topeka, 33 Pacific Reporter, 476 (by the Supreme Court of Kansas) it appears that the regulations concerning wooden structures in the City of Topeka are so different from those in force in the City of Denver as to make that decision inapplicable here. The opinion, in part, is as follows:

"All statutory restrictions upon the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity cannot be enforced. In what way can the erection of a safe structure for advertising purposes near the front of a lot endanger public safety any more than a like structure for some

other lawful purpose? Why does the posting or painting of an advertisement upon a secure wall or structure render it insecure? An owner may desire to use a structure or bill-board for an inclosure of his lot, as well as for posting advertisements. In one instance that was the desire and purpose of the owner in this case. If a wall or inclosure was 10 feet high, then, under the ordinance, the owner would be required to set it back 15 feet from the front of the lot. What reason is there for the surrender or loss of the use of that portion of the lot? Or why should the pasting of a piece of paper upon a secure enclosure make such a loss necessary? Although the police power is a broad one, it is not without limitations, and a secure structure, which is not an infringement upon the public safety, and is not a nuisance, can not be made one by legislative fiat, and then prohibited."

From this language I am forced to the conclusion that there is no legislative authority in Topeka for prohibiting the erection of wooden structures, or regulating the height of fences; and it would seem that the Supreme Court of Kansas construed the ordinance to be an ordinance against bill-posting and bill-boards, as bill-boards, and not as an exercise of the power concerning protection from fire.

Several of the bill-boards complained of are erected upon the lot lines, and enclose the property as a tight board fence would, and in this way the owner of the property is enabled to do by indirection what he could not do directly,—to enclose his property with a wooden fence more than six feet in height.

The defendants are therefore found guilty as charged in the complaints in 29434 and 29459, of the violation of section 592 of the Revised Ordinances. And, as this is the first time the defendants have ever been prosecuted by the city for violation of its ordinances, it is not deemed necessary to impose a greater fine than the minimum named in the ordinance violated, and in all cases where the defendants have been found guilty such fine will be imposed.

For the reasons assigned in the cases against the Curran Bill-Posting and Distributing Company for erecting bill-boards without a permit, the defendant is discharged in case No. 29463, the City of Denver v. Clifford Penny.